Curia, per

Johnson, J.
The order drawn on the defendant by Hyndman, in favor of the plaintiff, was, according to its legal effect, payable on sight; and the questions now made, concede that the acceptance was not general, but qualified by a promise to pay when it should be presented at a subsequent time ; and whether the plaintiff was bound to set out these qualifications in his declaration, and to prove that it was presented at the time, is now the matter in controversy. All the learning on this much controverted question, is embodied and freely developed in the great case of Rowe vs. Young, 2 Bro. & Bing. 156, (6 Eng. C. L. R. 53) and besides the affectation of any attempt to make an array of the cases on this occasion, it would be useless and unprofitable labor. The great diversity of opinion amongst the English Judges, and the zeal and ability with which they have sustained the opposite sides of the question, have elicited, every thing which can be drawn from principle and' precedent. On the one side, the necessity of setting out in the declaration the special manner of the whole contract of acceptance is strongly maintained, and I am very much inclined to think that that mode of declaring is most in accordance with that sort *314 of logical precision and correctness, which characterizes and constitutes the great excellence of special pleading, not merely as a matter of practice, but as indicating what the plaintiff was bound to prove to entitle him to recover. On the other hand it is said, upon high authority, that time and place do not enter into the essence of a contract to pay money for a valuable consideration, and that the plaintiff is only bound to set out the contract according to its legal effect, and that this rule is satisfied by having set out the acceptance secundum tenorem of the bills, leaving the matters of time and place as grounds of defence. As a mere question of practice,' it is a matter of little consequence, for the profession would readily accommodate their proceedings to any rule which might be prescribed ; and all its importance is derived from the consideration that the rights of the parties are to be resolved by it — -and if the question was wholly unembarrassed by the adjudications of our own courts, I should feel great hesitation in deciding between the high authorities from which the counsel on both sides have deduced their arguments. But the principle appears to me to have been settled by this court in Smith vs. Burrell, decided in November, 1827. That was an action on a promissory note, payable at thé Lynn M. Bank in Massachusetts. There was no proof that the note had ever been presented at the Bank for payment, and in an action brought on the note here, it was objected, on a motion for a non-suit, that to entitle the plaintiff to recover he was bound to prove a demand at the Bank; anda non-suit ordered on that ground, was set aside by the concurrence of the whole court.
In the case of Wolcott vs. Van Santvoord, 17 Johns. R. 248, cited at the bar, the same question arose, and was very fully considered, on an action by the payee against the acceptor of a bill of exchange drawn payable at a particular place; and it was held that the plaintiff was not bound to prove a demand of payment at the time and place, but if the defendant wished to avail himself of the want of such demand, with a view to save damages and costs, he must plead that he was ready at the time and place, but that plaintiff did not come there to receive it — * *315 putting the defence precisely on the footing of a tender— and this is clearly the only way in which the defendant can avail himself of it,'consistently with the right of the plaintiif to recover.
Divesting the case of all technicalities, and putting it upon the broad question, whether the plaintiif ought to lose his debt on account of his neglect to demand payment at the time and place, at which, according to the qualifications of the acceptance, he is required to do it, there could be, I think, but little diversity of opinion about it. If the defendant knows that he is bound, he will, of course, retain the funds of the drawer, if he has them in his hands, or if he accept merely for the honor of the drawer, and time is important to him on that account, in general he will find no difficulty in dispensing with the formality of a demand, and paying without it; or if the holder put it out of his power to make payment at the time, and by that means a loss arose, perhaps that might furnish a good ground of defence ; but these inconveniences are greatly outweighed by the numberless casualties that might prevent the holder from making the demand at the precise time and place. I am, therefore, well satisfied to abide by the principle of Smith vs. Burrell. The non-suit ordered in this case, must, therefore, be set aside and a new trial granted.
O’Neall, J. concurred.